UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| ROBERT HERNANDEZ, § | | |
| Individually and On Behalf of All § | | |
| Others Similarly Situated, § | | CIVIL ACTION NO. 7:23-cv-148 |
|     Plaintiff, § | | |
| vs. § | | |
| § | | |
| ONSITE OILFIELD SERVICE, LLC § | | COLLECTIVE AND CLASS ACTION |
| AND CODY CADJEW, § | | COMPLAINT |
|     Defendants. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Robert Hernandez ("Plaintiff") files this Original Complaint against Defendants Onsite Oilfield Service, LLC and Cody Cadjew ("Defendants"), as follows:

**I. PRELIMINARY STATEMENT**

1. Defendants Onsite Oilfield Service, LLC ("Onsite") and Cody Cadjew ("Cadjew") are the employers, joint and/or co-employer of Plaintiff, and, as described herein, have violated the Fair Labor Standards Act ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA"). Onsite provides maintenance services on pump equipment for customers in the oil and gas industry. Cody Cadjew is the president, and managing member of Onsite. Plaintiff began working on a maintenance crew for Onsite in November of 2022. He began as a field technician and was thereafter promoted to the position of lead field technician, and has worked there continuously since. Plaintiff and other maintenance crew members were required to travel to and work in New Mexico regularly. During his time with Defendants, Plaintiff and others similarly

situated were paid a flat daily rate plus a set amount for each pump serviced, and never received overtime pay for their hours worked over 40 in a week.

2. Plaintiff, on behalf of himself and all others similarly situated, brings this collective action to recover overtime compensation and all other available remedies under the FLSA. Plaintiff, on behalf of himself and all others similarly situated, also brings a Rule 23 class action under NMMWA.

3. The similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All Onsite lead technicians and technicians during the past 3 years who were paid a day-rate with no overtime (the "FLSA Collective Members").**

4. The similarly situated employees sought to be certified as a Rule 23 class action under the NMMWA is defined as:

> **All Onsite lead technicians and technicians who (1) have worked more then 40 hours in at least one workweek in New Mexico at any time from March 14, 2011[1] until the present; and (2) were paid a day-rate with no overtime. (the "Rule 23 Class Members").[2]**

---

[1] On information and belief, Onsite has been engaging in its illegal practice of paying day rates with no overtime since it was formed in March of 2011. Thus, Onsite has committed a continuing violation of the NMMWA as to all class members since 2011 because "[a] civil action to enforce any provision of [the NMMWA] may encompass all violations that occurred as part of a continuing course of conduct regardless of the date on which they occurred," see NMSA 1978 § 50-4-32. Thus, the period covered by the NMMWA claim for Plaintiff and the Rule 23 Class Members would begin when Onsite's day rate scheme started. *See, e.g., Felps v. Mewbourne Oil Co., Inc.*, 336 F.R.D. 664 (D.N.M. Nov. 16, 2020) (certifying NMMWA class action of oilfield workers from June 19, 2009 and June 21, 2017 based on continuing course of conduct provision of the NMMWA).

[2] As described in more detail below, for both the FLSA Collective and the Rule 23 Class, Plaintiff alleges that Defendant Cody Cadjew was, along with Onsite, a joint or co-employer of these workers.

5. For at least three years prior to the filing of this Complaint, Defendants willfully violated the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one-and-a-half times their regular rate of pay.

## II. PARTIES

6. Plaintiff Robert Hernandez is an individual residing in Texas. A copy of Plaintiff's consent form is attached hereto as Exhibit A.

7. Defendant Cody Cadjew is an individual residing in Texas. Defendant Cadjew may be served at 2301 Oak Street, Abilene, TX 79602, or where found.

8. Defendant Onsite Oilfield Service, LLC is a Texas limited liability company with its principle place of business in Abilene, Texas. Onsite Oilfield Service may be served through its registered agent for service of process, Cody Cadjew, 2301 Oak Street, Abilene, TX 79602, or where found.

## III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the FLSA. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..." The Court has subject matter jurisdiction over the state law claims under 28 U.S.C. § 1332(d) because this is a class action with an amount in controversy over $5,000,000.00 exclusive of interest and costs, and at least one Rule 23 Class Member is a citizen of a different state than Onsite. Alternatively, the Court has supplemental jurisdiction under 28 U.S.C. § 1367.

10. This Court has personal jurisdiction over Defendants because they are Texas residents. This Court's assertion of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

11. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district. Namely, Plaintiff and most of the class members work out of Onsite's field office in Midland, performed substantial work in the Midland-Odessa area, and lived at Onsite's man camp which is based in the Midland area.

## IV. NMMWA COVERAGE

12. At all relevant times, Defendants each acted as an employer or joint employer within the meaning of NMMWA and specifically NM STAT ANN. § 50-4-21(B) with respect to Plaintiff and other Rule 23 Class Members. Defendants were responsible for all decisions related to the wages to be paid to Plaintiff and other Rule 23 Class Members, the work to be performed by them, the locations of work performed by them, the hours to be worked by them, and the compensation policies with respect to them.

13. At all relevant times, Plaintiff and the Rule 23 Class Members constituted individual employees employed by an employer as the term "employee" is understood under the NMMWA.

## V. FLSA COVERAGE

14. At all relevant times, Defendants have acted, directly or indirectly, as the employers or joint employers with respect to Plaintiff and others similarly situated. Defendants are directly or indirectly responsible for all decisions related to the wages to be paid to Plaintiff

and the members of the proposed FLSA collective, the work to be performed by them, the locations of work performed by them, the hours to be worked by them, and the compensation policies with respect to them.

15.     On information and belief, Cadjew was personally involved in all major decisions at Onsite. He has the power to hire and fire Onsite employees, and has been either personally involved in the determination of the rate and method of payment of Onsite employees (i.e. the payment of day rates/bonuses as described herein) or has delegated his decision-making authority with respect to the compensation scheme at issue in this suit to others who report to him. In other words, Cadjew both (1) controlled the conditions of employment of the Plaintiff and others similarly situated and (2) could authorize compliance with the FLSA and NMMWA if he chose to do so. Cadjew also maintained employment records. As a result, Cadjew is an "employer" of Plaintiff and the other members of the FLSA collective and the Rule 23 class.[3]

16.     At all relevant times, Defendants have operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17.     At all relevant times, Defendants have operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person

---

[3] *Morgan v. Rig Power, Inc.*, No.7:15-CV-073-DAE, 2017 WL 11017230, at *4 (W.D. Tex. Sept. 1, 2017) (granting summary judgment in favor of plaintiffs, holding majority owner of an oilfield service company was an "employer" under the FLSA as a matter of law).

and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

18. At all relevant times, Plaintiff, and others similarly situated, were employees for Defendants who were engaged in commerce or in the production of goods for commerce.

## VI. FACTUAL BACKGROUND

19. Onsite contracts with oilfield companies to service their pumps and other heavy equipment. Onsite pays its lead technicians and technicians such as Plaintiff a day rate plus a fixed amount for each pump serviced. Upon being hired by Onsite, for the first several weeks of work, technicians are only paid a day rate, and are not eligible to receive the fixed amount for each pump serviced. On information and belief, Onsite typically has at least 30 technicians working at any given time that are paid on this same day rate/bonus basis.

20. Every week, or virtually every week, Plaintiff worked for Onsite from November 2022 until the present, Plaintiff worked more than 40 hours per week. Plaintiff and other technicians regularly traveled to and worked more than 40 hours per week in New Mexico. Plaintiff and other technicians would typically work two weeks on and two weeks off. It was not unusual for Plaintiff and other technicians to work 24-36 hours straight, and more than 100 hours in a workweek.

21. No exemption excuses Defendants from paying Plaintiff overtime rates under the FLSA and/or the NMMWA. Plaintiff and the other members of the proposed FLSA collective and Rule 23 class performed a significant amount of manual labor, and they were required to report for duty and put in at least eight hours working at the company shop even when there were no jobs available.

22. Defendants failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation. Plaintiff and other technicians are entitled to liquidated damages for such conduct.

23. Despite Plaintiff and other technicians routinely working over 40 hours per week, Defendants failed to pay them an overtime premium at a rate of one-and-one-half times their regular rate for all hours worked in excess of 40 per workweek.

24. Plaintiff has retained the undersigned counsel to represent him in this action. Under the FLSA and/or the NMMWA, Plaintiff, individually and on behalf of the proposed FLSA collective and Rule 23 class is entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VII. COLLECTIVE ACTION ALLEGATIONS

25. Other employees of Defendants have been victimized by the pattern, practice and policy of Defendants. Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other, similarly situated workers.

26. Plaintiff brings their claim on behalf of all current and former FLSA Collective Members, or similar job descriptions or titles, who worked on a dedicated basis for Defendants.

27. Defendants' compensation policies and procedures with respect to Plaintiff and the FLSA Collective Members and wages paid to Plaintiff and the FLSA Collective Members are substantially similar, if not identical.

28. Defendants' pattern of failing to pay overtime compensation as required by the FLSA results from Defendants' general application of compensation policies and procedures, and does not depend on individualized circumstances of Plaintiff or other FLSA Collective Members.

29. Although the issue of damages may be individual in character, this does not detract from the common nucleus of facts with respect to Defendants' liability under the FLSA.

30. Plaintiff files this case as a collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiff brings these claims on their own behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

31. Plaintiff requests that Defendants identify all FLSA Collective Members in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last know addresses, e-mail addresses and telephone numbers of the FLSA Collective Members.

32. Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

33. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

34. Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

### VIII.   CLASS ACTION ALLEGATIONS

35. The foregoing allegations are incorporated herein by reference.

36. Plaintiff brings this class action on behalf of the respective Rule 23 Class Members. The Rule 23 Class Members are so numerous that their joinder is impracticable. While the precise number of the Class Members is unknown, there are on information and belief at least 50 individuals (and probably several times this number) that worked at least one workweek of at least 40 hours in New Mexico since March 14, 2011.

37. Plaintiff's claims are typical of the Rule 23 Class Members. He and the Rule 23 Class Members (1) were responsible for performing manual labor as directed by Defendants; (2) worked over 40 hours in at least one workweek of at least 40 hours in or out of New Mexico; and (3) were not paid overtime.

38. Common questions of law and fact predominate over any questions affecting any individual members, including:

- Whether Defendants violated the NMMWA;
- Whether Plaintiff and the Rule 23 Class Members were not properly compensated for overtime hours because Defendants misclassified them as exempt employees;
- Whether Onsite and/or Cadjew were the employers, jointly or separately, of Plaintiff and the Rule 23 Class Members under the NMMWA; and
- The proper measure of damages sustained by the respective Rule 23 Class Members.

39. As a result, Plaintiff will fairly and adequately protect the respective Rule 23 Class Members and has retained counsel experienced in complex wage and hour litigation.

40. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class Members, making final injunctive and/or declaratory relief appropriate to the Rule 23 Class Members as a whole.

41.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (1) questions or law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to policies and practices, including the misclassification policy/day rate described herein. No apparent difficulties exist in managing this class action. Plaintiff intends to send notice to the proposed Rule 23 Class Members to the extent required by Fed. R. Civ. 23(c).

42.     Defendants violated and continue to violate NMMWA through their continuing course of conduct that began with the inception of their misclassification policy described herein and has continued with the enforcement of the same misclassification policy until the at least of the date of this filing.

## IX. CAUSES OF ACTION

### COUNT ONE - VIOLATIONS OF THE FLSA

43.     The foregoing allegations are incorporated herein by reference.

44.     Plaintiff and others similarly situated were non-exempt employees of Defendants.

45.     Plaintiff and others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

46. Defendants violated 29 U.S.C. § 201 et. seq. by willfully failing to pay Plaintiff or others similarly situated overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

47. Plaintiff, individually and on behalf of others similarly situated, seeks all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

### COUNT TWO - VIOLATIONS OF THE NMMWA

48. The foregoing allegations are incorporated herein by reference.

49. Plaintiff and the Rule 23 Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek under the formula outlined in N.M. Stat. Ann. § 50-4-22(D).

50. During the relevant time period, Defendants violated and continues to violate NMMWA by employing employees and regularly and repeatedly failing to pay employees for all hours worked and pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay.

51. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Rule 23 Class Members have suffered and will continue to suffer from a loss of income and other damages.

52. Plaintiff and the Rule 23 Class Members are entitled to their unpaid wages, treble damages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under the NMMWA.

53. Moreover, Plaintiff requests that this lawsuit encompass all violations that occurred as a part of Defendants' continued course of conduct regardless of the date on which they occurred, and specifically alleges that such violations have occurred from at least March 14, 2011 until the present.

## X. DESIGNATION OF EXPERT WITNESS

54. Plaintiff designates the following individual as an expert witness in this case:

> Josh Borsellino
> Borsellino, P.C.
> Office Address:
> 1020 Macon St., Suite 15
> Fort Worth, Texas 76102
> Mailing Address:
> 3267 Bee Cave Rd., Ste. 107, PMB # 201
> Austin, TX 78746
> Telephone: (817) 908-9861
> Facsimile: (817) 394-2412
> Email: josh@dfwcounsel.com

55. As permitted under the FLSA and the NMMWA, Plaintiff seeks attorney's fees and case expenses incurred in the prosecution of this matter. Mr. Borsellino may provide expert opinion testimony regarding the reasonableness and necessity of the attorney's fees and expenses incurred by Plaintiff in connection with this action. Mr. Borsellino's biography is publicly available at https://dfwcounsel.com/biography/.

## XI. RELIEF SOUGHT

WHEREFORE, Plaintiff, individually and on behalf of the FLSA Collective Members, prays for relief against Defendants as follows in regards to claims under the FLSA:

> a. For an Order under Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff and those who may join in the suit and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff and those who may join the suit;
>
> b. For an Order awarding Plaintiff and those who may join in the suit the costs of this action;
>
> c. For an Order awarding Plaintiff and those who may join in the suit attorneys' fees;
>
> d. For an Order awarding Plaintiff and those who may join in the suit pre-judgment and post-judgment interest at the highest rates allowed by law; and
>
> e. For such other and further relief as may be necessary and appropriate.

WHEREFORE, Plaintiff, individually and on behalf of the Rule 23 Class Members, pray for relief against Defendants as follows in regards to the claims under the NMMWA:

> a. For an Order Certifying the NMMWA claim as a class action under Fed. R. Civ. P. 23, for designation of Plaintiff as the Class Representative under the NMMWA, and for designation of Plaintiff's counsel as class counsel;
>
> b. For Judgment that Defendants violated the NMMWA by failing to pay Plaintiff and the Rule 23 Class Members overtime compensation;
>
> c. For an Order awarding Plaintiff and the Rule 23 Class Members all unpaid overtime compensations, treble damages, prejudgment interest and all available penalty wages under the NMMWA;
>
> d. For all costs and attorneys' fees incurred prosecuting this claim, as allowed by law; and

e. For injunctive relief as requested herein and for such other and further relief as may be necessary and appropriate.

                                        Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
Texas State Bar No. 24045532
Borsellino, P.C.
Office Address:
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Mailing Address:
3267 Bee Cave Rd., Ste. 107, PMB # 201
Austin, TX 78746
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**COUNSEL FOR PLAINTIFF**